## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

ANDRE BELL                                    CIVIL ACTION NO. 18-0964

                                              SECTION P

VS.

                                              JUDGE TERRY A. DOUGHTY

POLICE DEPT. CITY                             MAG. JUDGE KAREN L. HAYES
OF SHREVEPORT, ET AL.

### REPORT AND RECOMMENDATION

Plaintiff Andre Bell, an inmate at Caddo Correctional Center proceeding pro se and in forma pauperis, filed the instant Complaint on July 19, 2018, under 42 U.S.C. § 1983. He names the following Defendants: "Police Dept. City of Shreveport," City of Shreveport, Ollie Tylor, Allen Krump, Sgt. Duddy, Sgt. Vincent, and Sam's Town Casino.[1] For the following reasons, it is recommended that this action be **STAYED**.

### Background

Plaintiff alleges that, on November 24, 2017, at Sam's Town Casino in Shreveport, Louisiana, Sgt. Duddy shot at the back of Plaintiff's vehicle over six times, striking him in the upper back as he attempted to exit a parking garage. Sgt. Vincent "ran towards Plaintiff's vehicle and opened fire with his [weapon] as Plaintiff turned right and away from both officers." Plaintiff claims that he took "no action" to cause Sgt. Vincent to open fire.

Plaintiff then crashed "into traffic" due to a loss of blood and a fear of further shots. He alleges that he "died twice from the bullet wound that entered his back and lodged just above his heart."

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

Plaintiff claims that Defendants defamed him by "wrongfully and intentionally" accusing him of the attempted first degree murder of police officers.  He initially sought $5,000,000.00 in compensation for "being shot in the back[,]" an additional $300,000.00 for the defamation of his character, and compensation for all medical expenses.

Plaintiff filed an Amended Complaint on September 7, 2018.  [doc. # 10].  He clarified that he is currently charged with attempting to murder a peace officer, and he now seeks $2,000,000.00 "for being shot in the back," as well as compensation for all medical expenses. *Id.* at 3-4.

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis.  As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2]  See *Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."

---

[2]  Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

*Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Likewise, a complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Ashcroft*, 556 U.S. at 662; *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995).  Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint.  *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).  A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone.  *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

**2. *Heck v. Humphrey* and *Wallace v. Kato***

3

Plaintiff alleges that Sgt. Duddy and Sgt. Vincent utilized excessive force and, by charging him with attempted murder, defamed him.  If Plaintiff is ultimately convicted of the pending charge, he may not be entitled to seek damages for excessive force or defamation until the conviction is reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.  See *Heck v. Humphrey*, 512 U.S. 477 (1994) (holding that a successful civil rights action that would necessarily imply the invalidity of the plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus).

While the rule in *Heck* does not extend to pending criminal matters, a successful Section 1983 excessive force claim and defamation claim, under Plaintiff's allegations, could necessarily imply the invalidity of any future conviction for attempting to murder a peace officer.  See *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) (finding that the *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).    With respect to the defamation claim, "[D]amage to an individual's reputation as a result of defamatory statements made by a state actor, accompanied by an infringement of some other interest, is actionable under § 1983." *Cormier v. Lafayette City-Par. Consol. Gov't*, 493 F. App'x 578, 584 (5th Cir. 2012) (quoted source omitted).   The Fifth Circuit describes this as the "stigma-plus-infringement" test. *State of Tex. v. Thompson*, 70 F.3d 390, 392 (5th Cir. 1995).  "To meet the stigma prong, a plaintiff must show that the stigma was caused by concrete, *false* factual assertions by a state actor." *Id.* (emphasis added).

Here, to prevail, Plaintiff would have to allege and prove that Defendants stigmatized

4

him by falsely charging him with attempted murder. Succeeding on this claim—by proving that the charge is false—could necessarily imply the invalidity of any future conviction on the same charge. See *Price v. Cty. Court Clerk of Hill Cty. Texas*, 73 F. App'x 80 (5th Cir. 2003).

The defamation claim is subject to *Heck* for a second reason. As above, a Plaintiff must allege and prove that a state actor defamed him *and* infringed some other interest. The infringement alleged here is, necessarily, false arrest;[3] however, proving false arrest could imply the invalidity of a conviction on Plaintiff's pending charge because "'false arrest . . . claims challenge the existence of probable cause and, thus, by their essence are collateral attacks on a criminal judgment's validity.'" *Thomas v. Pohlmann*, 681 F. App'x 401, 406 (5th Cir. 2017) (quoting *Cormier*, 493 Fed. App'x. at 583).[4] Thus, if Plaintiff is convicted of attempted murder, *Heck* would foreclose using false arrest as the predicate infringement for his defamation claim. See *Cormier*, 493 F3d. App'x at 584 ("Cormier cannot satisfy this 'stigma-plus-infringement' requirement, however, because applying *Heck* precludes using false arrest and malicious prosecution as predicate infringement claims.").

Likewise, Plaintiff's excessive force claim could imply the invalidity of a future attempted murder conviction. He alleges that the officers utilized excessive force, but he also maintains that he did nothing to cause the officers to use force. [doc. # 1, p. 3]. Ruling that

---

[3] [See doc. # 10, p. 3].

[4] See also *Wells v. Bonner*, 45 F.3d 90, 95 (5th Cir. 1995) ("[The plaintiff's] proof to establish his false arrest claim, i.e., that there was no probable cause to arrest [for the crime for which he was ultimately convicted], would demonstrate the invalidity of [the conviction].""); *Queen v. Purser*, 109 Fed. App'x. 659, * 1-2 (5th Cir. 2004); *Chande v. Moore*, 606 F. App'x 238, 239 (5th Cir. 2015); *Goldston v. City of Monroe ex rel. Monroe Police Dep't*, 621 F. App'x 274 (5th Cir. 2015).

Plaintiff did nothing wrong and, consequently, that any force used against him was excessive, would imply that Plaintiff did not attempt to murder an officer.  See *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 656 (5th Cir. 2007) (finding that, because the plaintiff, claimed he did nothing wrong, his excessive force claim was barred by *Heck*; the claim would necessarily imply the invalidity of his conviction of aggravated assault on an officer).

The excessive force claim could imply the invalidity of a future conviction for yet another reason.  Under LA. REV. STAT. § 14:18(7), "The fact that an offender's conduct is justifiable, although otherwise criminal, shall constitute a defense to prosecution for any crime based on that conduct.  This defense of justification can be claimed . . . [w]hen the offender's conduct is in defense of persons or of property under any of the circumstances described in Articles 19 through 22."  Under Article 19,[5] "The use of force or violence upon the person of another is justifiable . . . [w]hen committed for the purpose of preventing a forcible offense against the person . . . , provided that the force or violence used must be reasonable and apparently necessary to prevent such offense."  LA. REV. STAT. § 14:19(A)(1)(a).  Here, if Plaintiff proved that officers used excessive force before he used any force or violence of his own, he would essentially prove that his actions following the excessive force amounted to justifiable self-defense, thus undermining a potential conviction.[6]

---

[5] See *State v. Williams*, 2010-900 (La. App. 3 Cir. 3/9/11) (applying LA. REV. STAT. 14:19 when a defendant argued self-defense in response to a charge of attempted murder).

[6] For example, in *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996), the Fifth Circuit held that a Louisiana conviction for battery of an officer—a crime for which justification is an affirmative defense—prevented the plaintiff from suing for excessive force in connection with the incident.   The court reasoned that, "if the plaintiff proved his excessive force claim, he would essentially be proving that his battery was justified, which would undermine his conviction."  *Arnold v. Town of Slaughter*, 100 F. App'x 321, 323 (5th Cir. 2004) (discussing

Federal courts are authorized to stay civil rights claims that attack the legality of a detainee's arrest, prosecution, and detention until the allegedly improper state prosecution concludes. See *Wallace*, 549 U.S. at 393-94 ("If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim *related to* rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court . . . to stay the civil action until the criminal case . . . is ended.") (emphasis supplied). Here, Plaintiff's excessive force claim and defamation claim are undoubtedly related to rulings that will likely be made concerning his pending charge. Accordingly, his claims should be stayed pending the outcome of the ongoing criminal prosecution.

## <u>Recommendation</u>

For the foregoing reasons, **IT IS RECOMMENDED** that this action be **STAYED** under the following conditions:

a. If Plaintiff intends to proceed with his claims, he must, within thirty (30) days of the date the criminal proceedings against him have concluded, file a motion to lift the stay;

b. If the stay is lifted and the Court finds that Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed, absent some other bar to suit;

c. In light of the stay, Plaintiff should not file any more documents (other than an objection to this Report and Recommendation) in this action until the state court proceedings conclude; and

d. Defendants shall not be required to answer during the stay, and Plaintiff may not seek a default judgment or conduct any discovery.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by

---

*Hudson*).

this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 19th  day of September, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

8